O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANTHONY LUCERO,<br><br>           Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 14-4141 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the sole disputed issue listed in the Joint Stipulation,[1] which is directed to the adverse credibility determination of the Administrative Law Judge ("ALJ").

**DISCUSSION**

An ALJ's assessment of pain severity and claimant credibility is entitled to

---

[1] The decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1  "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
2  Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the
3  claimant has produced objective medical evidence of an impairment which could
4  reasonably be expected to produce some degree of pain and/or other symptoms, as the
5  ALJ found here (see AR 17), and the record is devoid of any affirmative evidence of
6  malingering, the ALJ may reject the claimant's testimony regarding the severity of
7  the claimant's pain and/or other symptoms only if the ALJ makes specific findings
8  stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d
9  1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.
10 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947
11 F.2d 341, 343 (9th Cir. 1991) (en banc). Since the Commissioner has not argued that
12 there was evidence of malingering and that a lesser standard consequently should
13 apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse
14 credibility determination. See Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014)
15 (applying "clear and convincing" standard where the government did not argue that
16 a lesser standard should apply based on evidence of malingering); see also Ghanim
17 v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014) (same).

18       Here, for the following reasons, the Court concurs with plaintiff that the ALJ
19 failed to make a proper adverse credibility determination.

20       First, the ALJ failed to specify what subjective symptom testimony by plaintiff
21 was not credible and what evidence undermined those complaints. See Parra v.
22 Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ must provide 'clear and
23 convincing' reasons to reject a claimant's subjective testimony, by specifically
24 identifying 'what testimony is not credible and what evidence undermines the
25 claimant's complaints.'") (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir.
26 1995)).

27       Second, one of the two reasons proffered by the ALJ in support of his adverse
28 credibility determination was that "[plaintiff's] activities of daily living are not

consistent with the alleged degree of pain and impairment." Specifically, the ALJ cited plaintiff's ability to do household chores such as washing dishes and raking, and cutting the grass, although the ALJ acknowledged plaintiff's testimony that his son sometimes takes over. The ALJ also cited plaintiff's ability to drive. (See AR 17.) The ALJ explained that he was not saying that plaintiff's activities by themselves necessarily equated with work activity or showed the ability to engage in work, but rather they suggested that plaintiff had "better capacities than he has stated in his written statements," which indicated to the ALJ that plaintiff had not been "completely frank." (See id.)

In general, an ALJ may base an adverse credibility determination on evidence of a claimant's daily activities on two grounds: the stated activities contradict the claimant's other testimony, or they meet the threshold for transferable work skills. See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). Here, it is clear from the decision that the ALJ was only purporting to invoke the first ground by finding that plaintiff's testimony about his limitations was inconsistent with his stated activities. However, the Court finds no such inconsistency when plaintiff's testimony about his activities is considered in its full context, which reflected that other than "maybe" washing dishes, plaintiff did not do any household chores. Rather, it was his son who did the laundry, cleaned the floors, vacuumed, and swept. (See AR 50.) Although the ALJ cited raking and cutting the grass as examples of plaintiff's daily activities, plaintiff actually testified that when he tried to do those things, he would start getting a lot of chest pain and would have to sit down and take his heart medication. (See id.) The Court therefore finds that plaintiff's daily activities did not constitute a clear and convincing reason for discrediting plaintiff's subjective symptom testimony. See Ghanim, 763 F.3d at 1165 (ALJ improperly relied on evidence of claimant's daily activities for adverse credibility determination where claimant stated she performed only limited activities, sometimes with help); Reddick v. Chater, 157 F.3d 715, 722-23 and n.1 (9th Cir. 1998) (same where ALJ did not properly consider claimant's

statements about her daily activities in full context, which indicated claimant performed them with weakness and fatigue, requiring periodic rest); see also Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (evidence that claimant did certain chores that did not consume a substantial part of the day did not detract from her credibility).

The other reason proffered by the ALJ in support of his adverse credibility determination was that "[plaintiff's] credibility is reduced by the lack of objective medical evidence to substantiate his claims." The ALJ noted in this regard that "no examining or reviewing physician has rendered an opinion supporting [plaintiff's] allegations" and that "the unanimous opinions of record find him to be much more capable than he claims." (See AR 17.) However, since the only other reason proffered by the ALJ (i.e., plaintiff's daily activities) was legally insufficient to support the ALJ's adverse credibility determination, this one other reason cannot be legally sufficient by itself. See Robbins v. Social Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.").

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose

1  would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d
2  525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v.
3  Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily
4  delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

5       Here, the Court notes that plaintiff is not even requesting a remand for the
6  payment of benefits.  Rather, plaintiff is requesting only that Judgment be entered
7  reversing the Commissioner's decision and "remanding this matter for further
8  administrative proceedings." (See Jt Stip at 13.)

9       IT THEREFORE IS ORDERED that Judgment be entered reversing the
10 decision of the Commissioner of Social Security and remanding this matter for further
11 administrative proceedings.[2]

13 DATED: April 1, 2015

                                        */s/ Robert N. Block*
                              ROBERT N. BLOCK
                              UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.